FILED '11 MAY 20 14:01 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| FIRST CITIZENS BANK & TRUST COMPANY, | ) | CASE NO. 10-6054-HO |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| MISSCOM, LLC; et al, | ) | |
| | ) | |
| Defendants. | ) | |

Subsequent to this court's order [#178], and the parties' partial settlement agreement, the sole remaining defendants in this matter are Dan L. Berrey and Fran H. Berrey, as trustees of the Dan and Fran Berrey Living Trust and Dan L. Berrey (Berreys). Currently before the court are defendants' Motion to Amend [#158-p.2,Fn.2], and plaintiff First Citizens Bank & Trust's (First Citizens) Motion for Partial Summary Judgment [#74].

ORDER - p.1

1.  <u>Defendants' Motion to Amend Answer</u>:

Defendants Dan Berrey, and Dan and Fran Berrey, trustees of the Dan & Fran Berrey Living Trust (Berreys), without elaboration, seek leave to amend their answer to assert a breach of the covenant of good faith and fair dealing and failure to mitigate. [#158-p.2,fn.2]. Defendants did not attach a proposed amended answer, however the court will construe their pleading as a motion to amend.

Plaintiff opposes defendants' "motion" as untimely arguing that the time for filing expired on August 30, 2010 - the date upon which plaintiff filed its motion for partial summary judgment.

While it seems unlikely defendants can prove the proposed defenses, given that there is no trial date set, the parties' familiarity with the remaining issues, and the magnitude of relief that plaintiff seeks, I find there is little likelihood of prejudice. Defendants' Motion to Amend is granted. [#158].

2.  <u>Plaintiff's motion for summary judgment</u>:

Plaintiff's motion seeks partial summary judgment to allow it to foreclose on the unfinished condominium project and to obtain a judgment against the remaining guarantor of the loan - the Berreys. [#76]. Plaintiff argues that defendants' waiver defense is precluded because federal rather than state law applies and, seeks entry of a judgment against the Berrey

ORDER - p.2

defendants. [#166; #168].

Defendants argue that under California law, the guaranty's waiver language is insufficiently precise because, neither the covenant of good faith and fair dealing nor the contractual obligation to mitigate damages are mentioned, the waiver language relates generally to the lender's rights at foreclosure and the consequences of waiver of the defenses are not described. *Cathay Bank v. Lee,* 14 Cal.App. 1533, 1537-38 (1993). Defendants contend that under the *Cathay* analysis they are not bound by the guaranty which they assert, "does not address lender's pre-foreclosure/loan administration foibles at issue here." [#158-p.11].

a) <u>Standard:</u>

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of genuine issues of material fact. *Leisek v. Brightwood Corp.,* 278 F.3d 895, 898 (9th Cir. 2002). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

When considering summary judgment, a district court is not entitled to weigh the evidence and resolve disputed underlying factual issues. *Chevron Corp. v. Pennzioil Co.,* 974 F.2d 1156,

1161 (9th Cir. 1992). Rather, the court is required to view all inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion. *Id.*; *see also Anderson*, 477 U.S. at 248.

b) Undisputed facts:

The following facts are derived from the parties' statements of fact and accompanying admissible evidence, and are either undisputed or framed in the light most favorable to the Berreys, the nonmoving parties.

On July 9, 2007, MissCom and the remaining defendants (as guarantors) executed a loan transaction[1]. [#76; #160]. The trust deed was recorded in Marion County on July 25, 2007. [#77-¶6].

MissCom defaulted on the loan by failing to satisfy it when it matured[2]. [#76-p.2; #160-p.2]. The total owed to plaintiff on March 11, 2011, was $41,043,504.82. [#168-p.2,Ex.1, p.2].

The loan documents contain clauses outlining the waiver of rights by defendants (which Berreys assert do not waive their defenses). [#76-p.3; #160-p.2]. The guaranties state:

"[g]uarantor further understands and agrees that this

---

[1] The loan documents include: the promissory note, loan agreement, guaranties, line of credit instrument(trust deed) and commercial security agreement. [#77-¶¶ 6-8].

[2] Berreys assert that the debt due would be substantially less had plaintiff acted in good faith, and to mitigate the loss. [#160- p.2; ¶3].

Guaranty is a separate and independent contract between Guarantor and Lender, given for full and ample consideration and is enforceable on its own terms." [#9-Ex.G,p.2].

On February 1, 2009, First Regional modified certain terms of the loan documents. [#76-p.3; #160-p.2]. On January 29, 2010, First Regional was closed and the FDIC was appointed receiver.

Plaintiff purchased First Regional's interest in the loan agreement, the note, trust deed, assignment, security agreement and guaranties[3] from the FDIC. [#76-p.4; #160-p.2].

### Discussion:

In 1942, the United States Supreme Court enunciated a rule implementing a federal policy to protect the FDIC and the public funds it administers, against misrepresentations as to the securities or other assets in portfolios of the banks it insured. *FDIC v. Zook Bros Constr. Co.*, 973 F.2d 1448, 1451 (9th Cir. 1992)(quoting *D'Oench Duhme & Co. V. FDIC*, 315 U.S. 447, 457

---

[3] The guaranty states *inter alia*: "Guarantor waives all rights and defenses that Guarantor may have because Borrower's obligation is secured by real property. This means among other things: (N) Lender may collect from Guarantor without first foreclosing on any real or personal property collateral pledged by Borrower. (O) If Lender forecloses on any real property collateral pledged by Borrower: (1) the amount of Borrower's obligation may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price. (2) Lender may collect from Guarantor even if Lender, by foreclosing on the real property collateral, has destroyed any right Guarantor may have to collect from Borrower. This is an unconditional and irrevocable waiver of any rights and defenses Guarantor may have because Borrower's obligation is secured by real property." [#77-Ex. G at 28].

(1942)).

This rule allows the FDIC to focus solely on documents in the bank's files to assess the value of assets held by banks it acquires. *Zook*, 973 F.2d at 1451. Because this must be a uniform national rule, the enforceability of a party's guaranty is governed by federal law. *Id.*

The protection offered by the *D'Oench, Duhme* doctrine and section 1823(e) is not limited to federal regulatory agencies but also protects private parties who, as here, purchase the assets of failed financial institutions from federal regulatory agencies. *Newton v. Uniwest Fin. Corp.*, 967 F.2d 340, 347 (9th Cir. 1992). Additionally, in this instance, the explicit language in the parties' guaranty states that "[t]his Guaranty will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of California without regard to its conflicts of law provisions." [#159 - Ex.2,p.3].

Plaintiff argues that federal law applies and thus, the *Cathay* analysis is inapplicable while, the protections afforded the FDIC and its assigns by the *D'Oench Duhme* doctrine (codified at 12 U.S.C. §1823(e)[4]), provide an absolute bar to defendants

---

[4]    12 U.S.C. §1823(e) provides:
No agreement which tends to diminish or defeat the interest of the Corporation [FDIC] in any asset acquired by it under this section or section 1821 of this title, either as security for a

ORDER - p.6

defenses. [#166-pp.6-7]. However, defendants contend that there are substantial and material questions about First Regional's loan administration, breach of good faith and failure to mitigate damages; in other words, the lender's conduct rather than the agreement, preclude summary judgment for plaintiff enforcing the agreement's guaranty. [#158-pp.11-12]. However, the cases cited by defendants do not support their contention.

For example, it is clear that "where a contract confers one party with discretionary power affecting the rights of the other, the duty is imposed to exercise that discretion in good faith and in accordance with fair dealing." *McCollum v. XCare.net, Inc.*, 212 F.Supp.2d 1142, 1153 (ND Cal. 2002). This does not support defendants' assertion that plaintiff's refusal to modify the Berreys' obligations constitutes a failure by plaintiff to deal fairly or in good faith.

Similarly, defendants contend that "a party [cannot] take advantage of an obstacle to performance which that party has

---

loan or by purchase or as receiver of any insured depository institution, shall be valid against the [FDIC] unless such agreement—
   (1) is in writing, (2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution, (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and(4) has been continuously, from the time of its execution, an official record of the depository institution.

ORDER - p.7

created or which lies within that party's power to remove" in support of their argument that plaintiff's refusal to modify the agreement was not "objectively reasonable." [#158-p.7, broadly citing *Barcelles and Wolfsen, Inc. v. Westlands Water Distr.*, 849 F.Supp 717 (F.D. Cal. 1993)]. However, the *Barcelles* court declined to find a legal or equitable justification to rewrite the parties' contract even though this meant that the water allotment would not be delivered (because of the shortage arising from environmental requirements and reclamation needs), and the contract failed to provide adequate remedies for a breach. *Barcellos*, 849 F.Supp at 723.

Nor has the lender in this instance made a unilateral amendment to the loan agreement as happened in *Badie v. Bank of America,* 67 Cal.App. 4th 779 (1998). Nothing in the loan documents requires the lender to modify the existing obligation and rework the terms of the agreement to those requested by the borrower or guarantor even in the face of unforeseen, changed market circumstances. Nor is plaintiff here exercising any discretion in holding defendants to their agreement to guaranty the loan if MissCom defaulted.

In sum, defendants' argument appears supported solely by their belief[5] that as a matter of public policy the lender should

---

[5] The defendants do cite a Massachusetts commentator's note on the duty of good faith and fair dealing in commercial

ORDER - p.8

have modified the loan agreement to reflect the changed market circumstances, and worked out new release prices to prevent the project's failure, and the borrower's default.

In reviewing plaintiff's complaint I note that claims one (for breach of contract) and three (for replevin) are against MissCom only . [#1-pp.6-7, 9]. These are moot by plaintiff's settlement agreement with MissCom and are therefore dismissed.

Similarly, the recent settlement reached with all defendants except the Berreys, provides that MissCom (the owner of the Meridian complex), deed its interest in the property to plaintiff. The parties indicated in recent oral argument that the deed in lieu of foreclosure had been delivered to plaintiff. Thus, plaintiff's fourth claim for foreclosure is dismissed as moot. Plaintiff's fifth claim for appointment of a receiver was made moot by the stipulated order appointing the receiver. [#38].

The sole remaining claim is thus, plaintiff's second claim for breach of contract against all defendants. This claim is dismissed against all defendants except the Berreys, according to the terms of the settlement.

---

contracts in Massachusetts.   [#158-p.9,Fn.4].

ORDER - p.9

## Conclusion

Defendants' Motion to Amend their answer [#158] is GRANTED. Plaintiff's Motion for Partial Summary Judgment [#76] is GRANTED.

IT IS SO ORDERED.

DATED this _____20th_____ day of May, 2011.

*Michael E. Hogan*
UNITED STATES DISTRICT JUDGE